FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBRA J.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | NO: 1:22-CV-3025-RMP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Debra J.[1], ECF No. 11, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 15. Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of her claims for Social Security Income ("SSI") and

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 1

Disability Insurance Benefits ("DIB") under Titles XVI and Title II, respectively, of the Social Security Act (the "Act"). *See* ECF No. 11 at 2.

Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants in part Plaintiff's Motion for Summary Judgment, ECF No. 11, and denies the Commissioner's Motion for Summary Judgment, ECF No. 15.

## BACKGROUND

*General Context*

Plaintiff applied for SSI and DIB on August 7, 2015, with onset of June 6, 2014. Administrative Record ("AR")[2] 141. Plaintiff was 45 years old on the alleged disability onset date and asserted that she was unable to work due to three herniated discs, two bulging discs, bone spurs at the SI joint, sciatica, arthritis on the lower and mid back, narrowing of the central canal, muscle spasms, depression, and insomnia. AR 148–49. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 179–82, 189–202.

On September 13, 2017, and April 30, 2018, Administrative Law Judge ("ALJ") Larry Kennedy held hearings at which he heard testimony from Plaintiff, medical expert Frank Barnes II, M.D., and vocational expert Steve Duchesne. AR

---

[2] The Administrative Record is filed at ECF No. 8.

80–128.  ALJ Kennedy found Plaintiff ineligible for benefits on August 6, 2018, and the Appeals Council denied Plaintiff's request for review.  AR 1, 39.  Plaintiff sought review of the agency's determination in this Court, which remanded ALJ Kennedy's decision for further proceedings on July 9, 2020.  AR 1857–75.  This Court found that the record did not clearly support a finding of disability if all of the evidence were properly evaluated and directed the ALJ, specifically, to readdress the medical opinions, Plaintiff's symptom statements, and the lay witness statements on remand.  AR 1874.

On remand, Plaintiff appeared for hearings held by ALJ Timothy Mangrum on June 23, 2021, and October 28, 2021, from Seattle, Washington.  AR 1765–87, 1788–1812.  On June 23, 2021, Plaintiff was represented by counsel D. James Tree.  AR 1767.  The ALJ heard telephonically from Plaintiff as well as vocational expert Thomas Weiford.  AR 1767–86.

Plaintiff testified that by the time of the hearing, she was 52 years old, has one adult daughter who is self-sufficient, and Plaintiff lives on her own.  AR 1773.  Plaintiff reported that her condition sometimes seems "about the same" from the prior hearing and "at other times, it's a lot worse."  AR 1773.  Plaintiff testified to daily pain, with the pain concentrated in her back and "running down the back of [her] legs from the sciatic issue."  AR 1774.  Back spasms wake her at night.  AR 1774.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 3

Plaintiff stated that she was hit by a forklift while working in June 2014 and attempted to do "full-time, but modified," work in an office after her injury, but was not allowed to lay down during the workday to relieve her pain because she often fell asleep when she laid down due to poor sleep at night. AR 1775. Plaintiff further stated that her work at the office ended because she missed work due to being up all night with back pain. AR 1776.

Plaintiff testified that she follows all treatments that her insurance covers, including "three different physical therapy places," massage therapy, chiropractic treatment, and applying ice "24/7[,]" and taking approximately fourteen medications each day. AR 1778–79. Plaintiff stated that she must lay down over half of each day. AR 1780. Plaintiff anticipated receiving a steroid injection sometime after the hearing. AR 1780. Plaintiff also anticipated undergoing carpel tunnel release surgery on her left wrist the month after the hearing. AR 1781.

Plaintiff further stated that she "hate[s]" not being able to work and added, "It's one of the reasons why I was put on antidepressants is because I was actually working four part-time jobs at the point in time that I was injured and I went down to working none." AR 1777 (as written in original).

ALJ Mangrum conducted a supplemental hearing on October 28, 2021, for the purpose of hearing from medical expert Dr. John Kwok. AR 1788–91. Plaintiff's counsel Robert Tree appeared on her behalf; Plaintiff did not participate in the

1  supplemental hearing.  AR 1791.  Based on Dr. Kwok's testimony, the ALJ posed a

2  hypothetical to vocational expert Marylyn Thomas based on the functional

3  limitations to which Dr. Kwok opined.  AR 1805.

4      ***ALJ's Decision on Remand***

5      On December 29, 2021, ALJ Mangrum issued an unfavorable decision.  AR

6  1738–52.  Applying the five-step evaluation process, ALJ Mangrum found:

7      **Step one:** Plaintiff meets the insured status requirements of the Act through

8  March 31, 2018.  AR 1741.  Plaintiff has not engaged in substantial gainful activity

9  since June 6, 2014, the alleged onset date.  AR 1741.

10     **Step two:** Plaintiff has the following severe impairments that are medically

11 determinable and significantly limit her ability to perform basic work activities:

12 thoracic and lumbar degenerative disc disease, early degenerative joint disease of the

13 left hip, and carpal tunnel syndrome, pursuant to 20 C.F.R. §§ 404.1520(c) and

14 416.920(c).  AR 1741.

15     **Step three:** The ALJ concluded that Plaintiff does not have an impairment, or

16 combination of impairments, that meets or medically equals the severity of one of

17 the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

18 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 1741.  In

19 reaching this conclusion, the ALJ considered whether Plaintiff's spinal impairments

20 satisfy Listing 1.15 and 1.16.  AR 1741.  The ALJ also found that Plaintiff does not

21

meet Listing 1.18 for abnormality of a major joint or joints because Plaintiff's impairments do not preclude the use of her upper extremities to complete work activities. AR 1741–42. Lastly, the ALJ found that Plaintiff's peripheral neuropathy does not meet or medically equal Listing 11.14, addressing peripheral neuropathies because "the evidence does not support findings of disorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities. AR 1742.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff has the RFC to perform: light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except she can occasionally climb ladders, ropes, and scaffolds, and frequently climb ramps and stairs. AR 1742. Plaintiff can occasionally stoop, crouch, crawl, and frequently kneel. *Id*. Plaintiff must avoid concentrated exposure to hazards and would be off-task and not productive for up to 10% of the workday. *Id.*

In determining Plaintiff's RFC, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 1743.

**Step four:** The ALJ found that Plaintiff can perform past relevant work as an office helper. AR 1750.

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 45 years old, which is defined as a younger individual (age 18-49), on the alleged disability onset date. AR 1750. The ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy. AR 1751. Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff would be able to perform with the RFC: ticket taker (light, unskilled work, with around 26,000 jobs nationally); mail clerk (light, unskilled work, with around 23,000 jobs nationally); and storage rental clerk (light, unskilled work with around 24,000 jobs nationally). AR 1751. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act at any time from June 6, 2014, through the date of the ALJ's decision. AR 1751.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 7

993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 8

***Definition of Disability***

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

***Sequential Evaluation Process***

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 416.920, 404.1520. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past.  If the claimant can perform her previous work, the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering her residual functional capacity and age, education, and past work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1. Did the ALJ erroneously fail to find depression to be a severe impairment at step two and to account for Plaintiff's depression in the RFC?
2. Did the ALJ erroneously assess Plaintiff's subjective symptom complaints?
3. Did the ALJ erroneously evaluate the medical source opinions in the record?
4. Did the ALJ erroneously reject the statements of Plaintiff's friends and family regarding her limitations?

/ / /
/ / /
/ / /

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 11

*Step Two*

Plaintiff argues that the ALJ erroneously ignored evidence of severe mental impairments at step two and again erred in failing to incorporate any limitations due to mental impairments in Plaintiff's RFC. ECF No. 11 at 7. Plaintiff submits that there is significant evidence in the record of mental impairments that the ALJ did not address, including: "an August 2017 evaluation in which [Plaintiff] exhibited intermittent eye contact, a cooperative but irritable attitude, psychomotor agitation, tearful mood with depressed affect, fair memory fair to poor insight, fair to poor judgment"; a diagnosis of major depressive disorder and unspecified, and a testing score consistent with severe depression, from Lourdes Counseling Center; records indicating extensive counseling at Lourdes Counseling Center; and Dr. Harding's opinion that depression caused a significant interference in Plaintiff's ability to communicate in the workplace. *Id.* (citing AR 1435, 1437, 1499, 1504, 2391–2521, 3583–3602).

The Commissioner responds that there was no error at step two because the ALJ decided step two in Plaintiff's favor by finding severe impairments. ECF No. 15 at 2 (citing AR 1741). The Commissioner further argued that Plaintiff did not describe workplace functional mental limitations, and the evidence as a whole failed to show that Plaintiff had severe mental impairments. *Id.* at 2–3 (citing AR 675, 716, 2131, and 2133). The Commissioner asserts that Plaintiff never alleged how

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 12

1  her depression limits her ability to perform basic work tasks. *Id.* at 5. The

2  Commissioner adds that while Plaintiff "points to a single treatment note," that

3  treatment note shows that "she had fair memory, concentration, insight, and

4  judgment despite a depressed mood," and "Plaintiff ignores the notes throughout the

5  record showing that she routinely presented with no serious mental deficits." *Id.* at 5

6  (citing AR 901, 919, 1292, 1320, 1354, 1371, 1382, 1406, 1475–76, 1536, 2393,

7  2413, and 2416).

8        Plaintiff replies that she "raised the issue of her mental impairments several

9  times, including stating at her 2018 hearing that her "depression has gotten really

10  bad" and that she had difficulty being unable to work, help herself, or engage in

11  hobbies. ECF No. 16 at 2 (citing AR 73). Plaintiff also points to a Disability Report

12  form on which she listed depression and insomnia as two of the medical conditions

13  that inhibit her ability to work. *Id.* (citing AR 665). Plaintiff maintains that the ALJ

14  failed to consider the effects of all impairments when formulating her RFC when

15  "no mention was made of [Plaintiff's] diagnosis of depression and allegations that

16  this depression affected functioning." *Id.* at 3. Plaintiff contends that the

17  Commissioner's discussion in the Motion for Summary Judgment of why Plaintiff's

18  is not a severe mental impairment is "little more than an improper *post hoc*

19  rationalization" of the ALJ's decision. *Id.* (citing *Bray v. Comm'r of Soc. Sec.*

20  *Admin.*, 554 F.3d 1219, 1226–27 (9th Cir. 2009) (requiring courts to review the

21

ALJ's decision based on the reasoning and actual findings offered by the ALJ, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

At step two, a claimant must make a threshold showing that she has a medically determinable impairment that significantly limits her ability to perform basic work activities. *Bowen*, 482 U.S. at 145. An ALJ's analysis at step two of the sequential evaluation is "merely a threshold determination to screen out weak claims. *Buck v. Beryhill*, 869 F.3d 1040, 911 (9th Cir. 2017); *see also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (describing step two as "a *de minimis* screening device used to dispose of groundless claims"*).* "Where an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all the claimant's impairments, including the erroneously omitted severe impairment, the error at step two is harmless." *Ian C. v. Saul*, No. 3:18-cv-00511-AA, 2021 U.S. Dist. LEXIS 12285, at *8 (D. Or. Jan. 22, 2021) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)). If an ALJ proceeds to step four of the of five-step sequential procedure, the ALJ must consider all medically determinable impairments in assessing the claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2); *Buck*, 869 F.3d at 1049.

In filing her initial claim for disability on August 7, 2015, Plaintiff alleged depression and insomnia as two of the conditions that inhibit her ability to work. AR

131. She has since represented that her depression is "worsening" rather than improving. See AR 700, 3067. Plaintiff was diagnosed with major depression and anxiety in her medical records, and, throughout the relevant period, Plaintiff has taken medication and pursued counseling to treat the conditions, with varying degrees of symptom relief over the course of the record. See AR 668, 698, 745, 1450, 1467, and 1476. Plaintiff reported in testing that her symptoms of depression made it "extremely difficult" for her to do her work, take care of things at home, or get along with other people. AR 1505.

However, there is no mention of depression or anxiety in the 2021 ALJ decision. See AR 1738–52. At step two, the ALJ did not discuss the severity of any mental health impairments, and the ALJ did not discuss any mental health symptoms in formulating Plaintiff's RFC. AR 1741–50.

Since there is evidence in the record that Plaintiff may have functional limitations from her mental health symptoms, the ALJ erred at step two in failing to discuss whether depression and/or anxiety are severe impairments. See Lewis, 498 F.3d at 911. Furthermore, the Court cannot determine that the ALJ's error at step two is harmless because the ALJ did not consider Plaintiff's depression and anxiety symptoms at later steps. This was legal error. See Loader v. Berryhill, 722 Fed. Appx. 653 (9th Cir. 2018) ("The ALJ did err . . . by failing to consider the limitations imposed by Loader's depression when assessing his [RFC] and thereafter

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 15

when examining the vocational expert."). As this error plausibly could result in a reformulation of Plaintiff's RFC and could have affected the vocational expert's opinion as to the work that Plaintiff could perform, the error is not harmless. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding that an error is harmless if it is "clear from the record that [the] error was inconsequential to the ultimate nondisability determination") (internal quotation omitted). As a result, the Court finds that remand is appropriate based on this error alone and does not reach the other alleged errors. The Court grants Plaintiff's Motion for Summary Judgment on this issue and denies summary judgment to the Commissioner.

### *Type of Remand*

Lastly, Plaintiff asks the Court to remand her claim for a benefits award. ECF No. 11 at 2. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). When the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Ninth Circuit has endorsed an award for benefits where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined that the ALJ committed harmful error when he did not address Plaintiff's alleged mental health impairments anywhere in the decision. However, the record in this matter does not clearly support a finding of disability. The transcripts of the vocational experts' testimony at the June 23, 2021 and October 28, 2021 hearings do not indicate what effect Plaintiff's mental health impairments would have on whether Plaintiff could maintain employment in the representative jobs that the vocational experts identified. *See* AR 1781–86, 1805–11. Therefore, remand for further consideration of this matter is appropriate, particularly to address Plaintiff's mental health impairments at step two and discuss Plaintiff's mental health symptoms in formulating Plaintiff's RFC and, if appropriate, in questions to a vocational expert.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision contains a legal error. Accordingly, **IT IS HEREBY ORDERED** that:

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 17

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** December 21, 2022.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge